### In re JORDAN.
### No. 22035.

District Court, D. Connecticut.

Nov. 17, 1943.

Abraham Zweigbaum, of New Haven, Conn., for creditor.

Nelson Harris, of New Haven, Conn., for bankrupt.

SMITH, District Judge.

This matter is before the court on a petition for review filed by the trustee in bankruptcy, seeking a reversal of the referee's order denying a petition filed by the trustee to declare a certain insurance policy non-exempt.

The petition in bankruptcy in this case was filed on May 26, 1943. On October 13, 1933, the bankrupt had obtained a policy of insurance in the amount of $1,000, payable to Violette Jordan, his wife.

The trustee bases his claim on the last sentence of Section 1568c of the Supplement to the Connecticut General Statutes 1935, which reads: "This section shall apply to any policy of insurance issued before July 1, 1933, but not to policies which matured by the death of the insured before July 1, 1933." The preceding language of the section created an exemption for all beneficiaries of life insurance policies. It is the contention of the trustee that the last sentence restricts this exemption to policies issued before July 1, 1933, not then matured by the death of the insured before that date. The referee has held that the provision in this last sentence was intended to be inclusive rather than restrictive. This seems the better interpretation. It appears unlikely that the Legislature was acting to change the provision regarding exemptions solely to affect a class of beneficiaries already in existence with no consideration given to those who should become beneficiaries in the future. The last sentence would seem to intend to make plain what the effect of the preceding language of the section of general application would be on that portion of the policies affected which were already in existence, making it apply to those not yet matured but not to apply to those which had already matured by the death of the insured.

This interpretation is strengthened by the fact that there is no language in Section 1568c which purports to repeal Section 5169 of the General Statutes as it applies to policies of life insurance for the benefit of a married woman.

It is highly probable that the enactment of 1568c in 1933 was a result of the decision of the Circuit Court of Appeals for the Second Circuit in In re Reiter, 1932, 58 F.2d 631, construing Section 13 of

Chapter 58, Public Acts of 1929, which became Section 5169 of the General Statutes of 1930. This decision held that policies in which a wife was beneficiary were exempt, but policies in which others were named as beneficiaries were non-exempt. The Legislature apparently considered it advisable to have all beneficiaries treated alike, where no fraud appeared. It is significant, therefore, that the 1933 Act, in Section 1568c, broadens the exemption to all beneficiaries and nowhere attempts to repeal the provision of Section 5169. Whether or not Section 1568c applied to the policy in this case, which was issued after July 1, 1933, the effective date of 1568c, it would still be exempt under Section 5169 as construed by the Reiter case. Under the referee's interpretation of the language of 1568c, which appears to be the sound interpretation, it is also exempt by virtue of the provisions of that section.

The petition for review is denied. The order denying the trustee's petition that the insurance policy be declared non-exempt is affirmed.